IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RAVEN JENKINS            §
    Plaintiff,            §
                §
vs.            §    Civil No. 4:19-cv-04883-CE
                §
THE GEO GROUP, INC.            §
    Defendant.            §

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant The GEO Group, Inc. ("GEO") and files its Original Answer with

Entitlements and Defenses in response to Plaintiff's Original Complaint (DE 1).

### I.
### ANSWER

1.    Pursuant to FED. R. CIV. P. 8(b), Defendant denies each and every allegation in

Plaintiff's Original Complaint except those allegations specifically admitted below.

2.    Defendant admits that GEO is a Florida corporation authorized to conduct business

in the State of Texas.

3.    Defendant admits that it is a private corporation that owns and operates privatized

corrections, detention, and mental health treatment facilities.

4.    Defendant admits that it contracts with the United States federal government to

oversee the operations and management of facilities on behalf of the Federal Bureau of Prisons, the

United States Marshals Service, and the United States Immigration and Customs Enforcement.

5.    Defendant admits this suit is brought under 41 U.S.C. § 4712(c)(2), but denies the

allegations and validity of this suit.

6.     Defendant admits that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, but denies the veracity of all Plaintiff's allegations in her Original Complaint other than those admitted in this Answer.

7.     Defendant admits that Plaintiff was previously employed by Defendant.

8.     Defendant admits that Plaintiff was previously assigned to work at the Montgomery County Processing Center.

9.     Defendant admits it operates and manages the Montgomery County Processing Center on behalf of the United States Immigration and Customs Enforcement.

10.     Defendant admits the Montgomery County Processing Center is a contract detention facility which houses ICE/ERO detainees.

11.     Defendant admits Plaintiff was assigned to work in the law library.

12.     Defendant admits Plaintiff agreed to work in the law library.

13.     Defendant admits there are standards and a schedule for detainees' use of the law library.

14.     Defendant admits that on or about November 5, 2018, Plaintiff was placed on administrative leave without pay pending the outcome of an investigation into alleged misconduct.

15.     Defendant admits Plaintiff's employment was terminated on or about December 12, 2018, for failure to meet employment requirements.

16.     Defendant denies that Plaintiff complied with all conditions precedent and exhausted all applicable administrative remedies prior to filing suit.  Defendant denies that Plaintiff timely initiated and timely exhausted administrative remedies.

17.     Defendant admits venue is proper in this Court.

18.     Defendant admits that it was Plaintiff's employer, but denies any liability in this case under the theory of recovery articulated by Plaintiff.  Defendant denies that there was a violation of Plaintiff's rights under any statute or legal authority.

19.     Defendant denies that Plaintiff pled a *prima facie* case pursuant to 41 U.S.C. § 4712 as alleged in Plaintiff's Original Complaint.

20.     Defendant denies that Plaintiff was discriminated or retaliated against on any basis as alleged in her Original Complaint.

21.     Defendant specifically denies that Plaintiff was ever subjected to discrimination or inappropriate treatment.  Defendant denies all allegations of inappropriate acts or conduct on its part and further denies that any acts or conduct alleged by Plaintiff were discriminatory or retaliatory.

22.     Defendant specifically denies any acts of discrimination or retaliation against Plaintiff on the basis of making a report or for any other inappropriate reason.

23.     Defendant denies that Plaintiff is entitled to a trial in this case and further denies that Plaintiff is entitled to any of the relief she requests in her Original Complaint.

24.     Defendant denies that Plaintiff is entitled to damages, monetary relief, compensatory damages, exemplary damages, an injunction, reinstatement, equitable relief, promotion, front pay, pre-judgment interest, post-judgment interest, attorney's fees, costs, or any other type or form of relief.

25.     Defendant specifically asserts that it is not subject to exemplary or punitive damages.

**II.**
**ENTITLEMENTS AND DEFENSES**

26.     Defendant GEO asserts its entitlement to Eleventh Amendment immunity, sovereign immunity, and governmental immunity from all claims asserted against it.  Defendant is protected from both suit and liability by the doctrines of Eleventh Amendment immunity, sovereign immunity, and governmental immunity.

27.     Defendant claims its entitlement to the defenses of waiver, estoppel, laches, failure to file within the statute of limitations, failure to exhaust administrative remedies, failure to mitigate damages, collateral estoppel, *res judicata,* and after-acquired evidence for all claims asserted against it.

28.     Defendant asserts that this case is barred in whole or part by the applicable statute of limitations.

29.     Defendant asserts that its liability, if any, and Plaintiff's damages, if any, are limited by the after-acquired evidence doctrine.  *See McKennon v. Nashville Banner Publishing Co.*, 115 S. Ct. 879 (1995).

30.     Defendant specifically denies that all conditions precedent to the filing of this lawsuit and the recovery of damages prayed for by Plaintiff have occurred or have been performed.

31.     Defendant affirmatively asserts that Plaintiff's employment with GEO was terminated for legitimate, non-discriminatory and non-retaliatory reasons.

32.     Defendant asserts that all actions were based on legitimate, non-discriminatory and non-retaliatory reasons and no actions were taken on the basis of the making of a report, protected disclosure, or other impermissible reason.

33.     Defendant asserts that GEO's employment decisions were based upon legitimate, non-discriminatory and non-retaliatory reasons.

34.     Defendant asserts that a protected disclosure was not a consideration, motivating, or but-for factor in any employment action or decision regarding Plaintiff.

35.     Defendant asserts that a protected disclosure did not contribute to an adverse personnel action.

36.     Defendant asserts that Plaintiff's failure to identify a custom, policy, practice, or procedure that was the moving force behind the alleged violation is fatal to her case.

37.     Defendant asserts that Plaintiff's failure to identify a policymaker whose actions constituted the policy of the employing entity and caused the alleged injury is fatal to this case.

38.     Defendant asserts all statutory limitations of liability and all statutory limitations of damages (caps) applicable to this case.

39.     Defendant asserts all limitations on relief and caps on damages imposed by 41 U.S.C. § 4712.

40.     Defendant asserts that any challenged action, practice, or policy is job-related and reasonably necessary to business operations.

41.     Defendant asserts that any challenged action, practice or policy was taken for a valid, non-discriminatory, non-retaliatory reason; alternatively, any challenged action, practice or policy would have been taken regardless of any discriminatory or retaliatory motivating factor (which discriminatory or retaliatory factor is specifically denied).

42.     Defendant specifically asserts that Plaintiff cannot state a cause of action under the theories pled because Plaintiff cannot establish the elements necessary to state a cause of action

under the causes of action asserted in Plaintiff's Original Complaint.

43.    Defendant specifically asserts that, even if Plaintiff could establish the elements necessary to state a claim (which Defendant denies), Defendant asserts its entitlement to the affirmative defenses under *Ellerth, Faragher*, and their progeny. *See Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S. Ct. 2257 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275 (1998). Moreover, Defendant asserts that: (1) it exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior; and (2) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

44.    Defendant asserts that it may not be held liable under the principle of *respondeat superior* or under any theory of supervisory responsibility.

45.    Defendant asserts that Plaintiff did not exhaust administrative remedies under 41 U.S.C. § 4712, the Federal Arbitration Act, the Labor Management Relations Act, the collective bargaining agreement, or GEO's grievance policies.

46.    Defendant asserts that this case is subject to mandatory arbitration pursuant to the collective bargaining agreement which is applicable to Plaintiff, her employment, and complaints regarding her employment, including personnel actions.

47.    Defendant asserts that this Court is deprived of jurisdiction over this matter by virtue of the requirement of arbitration which is applicable to Plaintiff, her employment, and complaints regarding her employment, including personnel actions.

48.    Defendant asserts that Plaintiff did not engage in protected activity under 41 U.S.C. § 4712.

49.     Defendant asserts that Plaintiff did not report wrongdoing covered by 41 U.S.C. § 4712 to an appropriate authority.

50.     Defendant asserts that Plaintiff cannot show that any protected disclosure contributed to the alleged adverse personnel action or that Plaintiff's purported complaint was a but-for cause of her termination.

51.     Defendant asserts that Plaintiff did not make a report to a management official or other employee of the contractor, subcontractor, or grantee who has the responsibility to investigate, discover, or address misconduct.

52.     Defendant asserts that Plaintiff cannot demonstrate that any GEO official had knowledge of any purported protected activity.

53.     Defendant asserts that clear and convincing evidence establishes that GEO would have taken the same personnel action in the absence of any alleged disclosure.

54.     Defendant asserts that Plaintiff cannot demonstrate she had a reasonable belief that gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation occurred.

55.     Defendant asserts Plaintiff cannot establish a gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation.

56.     Defendant affirmatively asserts that Plaintiff failed to maintain qualifications for her job.

57.     Defendant affirmatively asserts that there has been no waiver of its immunities in this case.  Defendant also asserts that the Court lacks jurisdiction as a result of Plaintiff's failure to state a cause of action for which immunity has been waived and for which administrative remedies were timely initiated and exhausted.  Alternatively, Defendant is entitled to summary judgment on Plaintiff's claims.

58.     Defendant asserts that its liability, if any, and Plaintiff's damages, if any, are limited due to Plaintiff's actions.

59.     Defendant asserts that Plaintiff is not entitled to the recovery of damages, costs or attorney's fees in this matter.

60.     Defendant asserts its entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

61.     Defendant asserts that Plaintiff has failed to mitigate her damages, if any.

62.     Defendant asserts that Plaintiff is not entitled to exemplary or punitive damages or any other type or form of damages against Defendant.

63.     Defendant is not subject to exemplary or punitive damages.

64.     Pleading affirmatively and alternatively, Defendant asserts that Plaintiff is barred from recovering punitive damages, if any, by the protections afforded under the Fifth Amendment and Fourteenth Amendment to the United States Constitution.

65.     Defendant claims its entitlement to recover attorneys' fees and costs of suit pursuant to statute 42 U.S.C. § 1988, the Federal Rules of Civil Procedure, including but not limited to FED. R. CIV. P. 54, and judicial interpretation.

**III.**
**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendant urges this Court to deny Plaintiff any and all relief demanded in her Original Complaint. Defendant also requests an award of reasonable attorneys' fees and costs of suit. Further, Defendant requests the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/*Bridget Robinson*
BRIDGET ROBINSON
Attorney-in-Charge
State Bar No. 17086800
Southern District Bar No. 16521

WALSH GALLEGOS TREVIÑO
   RUSSO & KYLE P.C.
P. O. Box 2156
Austin, Texas  78768
Office:   (512) 454-6864
Fax:      (512) 467-9318
Email:    brobinson@wabsa.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kalandra N. Wheeler
Robert J. Wiley
Wiley Wheeler, P.C.
1651 Richmond Avenue
Houston, Texas 77006

/s/*Bridget Robinson*
Bridget Robinson

- 9 -